**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Randolph F. EMMIL, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 2004.

Filed Jan. 4, 2005.

David R. Crowley, Bellefonte, for appellant.

Stephen P. Sloane, Asst. Dist. Atty., Bellefonte, for Com., appellee.

BEFORE: ORIE MELVIN,
GANTMAN, JJ., and McEWEN, P.J.E.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Randolph Emmil, Jr., appeals from the judgment of sentence imposed after he was convicted of making false statements to authorities in connection with an attempted firearm purchase. On appeal he challenges only the trial court's denial of his suppression motion. Upon review, we affirm.

¶ 2 The facts and procedural history were accurately summarized by the trial court as follows.

On August 1, 2003, [Appellant] attempted to purchase a firearm at Rightnour MFG Co. in Centre County. To effect transfer of the firearm, [Appel-lant] was required by Commonwealth law to complete a Firearm Transaction Record and undergo a background check. On the Firearm Transaction Record there is a question asking if the applicant has ever been adjudicated mentally defective or committed to a mental institution. [Appellant] responded in the negative, then signed the form acknowledging that all statements on the form were true and correct and that he could be punished by law if he had falsified any information on the form.

The form was then transferred to the PA State Police to run the background check on [Appellant]. Through the PA Instant Check System it was discovered that [Appellant] had been involuntarily committed under Section 7302 of the [Mental Health Procedures Act, 50 P.S. §§ 7101 *et seq.*] and involuntarily committed for psychiatric treatment under Section 7303 by the Centre County Mental Health/Mental Retardation Office.

Trial Court Opinion, 2/17/04, at 1–2.

¶ 3 Appellant was subsequently charged with violating two provisions of the Crimes Code: Section 4904 (relating to unsworn falsification to authorities) and Section 6111(g)(4)(relating to making false statements in connection with the purchase of a firearm), 18 Pa.C.S.A. §§ 4904 and 6111, respectively. He filed a motion to suppress evidence which the trial court denied after a hearing. Upon his convictions Appellant was sentenced to a 6–month term of probation. This timely appeal followed.

¶ 4 Appellant presents the following question for our review: "Did the trial court err in denying defendant's motion to suppress?" Appellant's brief at 6. Our scope and standard of review of a suppression order are well-settled. Where the Commonwealth prevailed on the issue before the trial court, an appellate court "may consider only the Commonwealth's

evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Boczkowski,* 577 Pa. 421, 446, 846 A.2d 75, 89 (2004). Where the record supports the factual findings as determined by the trial court, this Court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Id.*

¶ 5 Appellant contends first that his psychiatric records were confidential and should not have been disclosed. Alternatively, he argues that a search warrant was required before the state police obtained those records. We disagree.

¶ 6 The undisputed facts as developed at Appellant's suppression hearing reveal that Appellant submitted an application to purchase a firearm. N.T. Suppression Hearing, 3/6/03, at 4. The State Police conducted an Instant Check to obtain background information on him. *Id.* After police discovered Appellant's previous mental health commitment, an investigation was conducted. *Id.* Trooper Joseph Cigich was assigned to the investigation and he first obtained the application which Appellant completed. *Id.* at 6. The trooper then went to the office of the Prothonotary of Centre County to review its records of Appellant's commitment, and he was informed a court order was necessary. *Id.* at 6–7. A court order was then obtained from a trial judge of the court of common pleas, and pursuant to that court order Trooper Cigich was able to obtain certified copies of Appellant's mental health records. *Id.* at 7–8. Those records were subsequently introduced in Appellant's bench trial.

¶ 7 The applicable section of the Mental Health Procedures Act (MHPA) provides as follows.

### § 7111.  Confidentiality of records

(a) All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

(1) those engaged in providing treatment for the person;

(2) the county administrator, pursuant to section 110;

(3) a court in the course of legal proceedings authorized by this act; and

(4) pursuant to Federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a Federal agency.

In no event, however, shall privileged communications, whether written or oral, be disclosed to anyone without such written consent. This shall not restrict the collection and analysis of clinical or statistical data by the department, the county administrator or the facility so long as the use and dissemination of such data does not identify individual patients. Nothing herein shall be construed to conflict with section 8 of the act of April 14, 1972 (P.L. 221, No. 63), known as the "Pennsylvania Drug and Alcohol Abuse Control Act."

(b) **This section shall not restrict judges of the courts of common pleas, mental health review officers and county mental health and mental retardation administrators from disclosing information to the Pennsylvania State Police or the Pennsylvania State Police from disclosing information to any person, in accordance with the provisions of 18 Pa.C.S. § 6105(c)(4) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).**

50 P.S. § 7111 (emphasis added). Section 6105(c)(4) of the Crimes Code specifically prohibits persons who have been involun-

tarily committed to a mental institution from possessing, or obtaining a license to possess, a firearm. Consequently, Section 7111 of the MHPA clearly authorized the trial court to disclose the information regarding Appellant's commitment to Trooper Cigich.

¶ 8 Nevertheless, Appellant argues that because he was not charged with having violated Section 6105 of the Crimes Code but instead was charged with violating Sections 6111 and 4904 thereof, the provisions of the MHPA do not permit such disclosure. We do not read the statute so narrowly. The MHPA permits the State Police to obtain specific mental health records in order to ensure that Section 6105 is not violated. There is no further requirement in the MHPA that a person must actually be charged under Section 6105, and we shall not insert such language where none exists. As such, because the pertinent records were disclosed in compliance with the MHPA, and consistent with its objective regarding persons who may possess firearms, we reject Appellant's claim.

¶ 9 Moreover, we are wholly unpersuaded by Appellant's alternative contention that a search warrant was necessary, and we find his reliance on *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979)(plurality), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980), and *Commonwealth v. Duncan*, 572 Pa. 438, 817 A.2d 455 (2003), is misplaced. In *DeJohn*, the Court addressed the admissibility of bank records obtained pursuant to invalid subpoenas. *Duncan* similarly involved information from bank records, which police sought based on a telephone request but without a search warrant. Both of these cases are clearly inapposite to the case at bar, where state police properly obtained the particular information pursuant to applicable statutory authority

and with the approval of a trial court judge.

¶ 10 Accordingly, having found no merit to Appellant's claim on appeal, we perceive no error of law nor abuse of discretion in the trial court's refusal to suppress the evidence.

¶ 11 Judgment of sentence affirmed.