## Commonwealth v. Hanna

*Birgitta C. Tolvanen,* for Commonwealth.
*Nick A. Turco Jr.,* for defendant.

MOTTO, *P.J.,* August 11, 2005—Before the court for disposition is the defendant's motion to suppress evidence.

The issue to be decided by the court is whether the Pennsylvania State Police had the authority to obtain information from defendant's mental health records from the Lawrence County Mental Health/Mental Retardation Administrator without a warrant in the investigation of a charge of violating 18 Pa.C.S. §6111 and 18 Pa.C.S. §4904.

The defendant was charged under 18 Pa.C.S. §6111, providing false information during the sale or transfer of firearms and under 18 Pa.C.S. §4904, unsworn falsification to authorities.

18 Pa.C.S. §6105(c)(4) specifically prohibits a person who has been involuntarily committed to a mental institution from possessing, manufacturing, selling or transferring firearms.

The defendant attempted to purchase a Taurus 9mm pistol at Allegheny Outfitters on 1116 Croton Avenue, New Castle, Pennsylvania, 16101, in Lawrence County. The defendant filled out the Pennsylvania State Police Application/Record of Sale of a Firearm form. He answered "no" to question 31, which stated, "Have you ever been convicted of a crime enumerated in section 6105(b), or do any of the conditions under 6105(c) apply to you?" The applicable portion of 18 Pa.C.S. §6105(c)(4) prohibits the possession or purchase of a firearm by "A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment." John Klenotic, the administrator of the Lawrence County Mental Health/Mental Retardation office, informed State Trooper Weller that defendant's mental health records indicated that the defendant had four separate involuntary commitments to a mental institution for inpatient care and treatment.

The issue before the court is whether it was permissible for a Pennsylvania State Trooper to obtain the mental health records of the defendant, or information thereon, without a search warrant.

The confidentiality of mental health records is addressed by the Mental Health Procedures Act, 50 P.S. 7111, which provides:

"(a) All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

"(1) those engaged in providing treatment for the person;

"(2) the county administrator, pursuant to section 110;

"(3) a court in the course of legal proceedings authorized by this act; and

"(4) pursuant to federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a federal agency. . . .

"(b) This section shall not restrict judges of the courts of common pleas, mental health review officers and county mental health and mental retardation administrators from disclosing information to the Pennsylvania State Police or the Pennsylvania State Police from disclosing information to any person, in accordance with the provisions of 18 Pa.C.S. §6105(c)(4) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms)."

In a case analogous to the one presently before the court, the Pennsylvania Superior Court stated:

"Section 6105(c)(4) of the crimes code specifically prohibits persons who have been involuntarily committed to a mental institution from possessing, or obtaining a license to possess, a firearm. Consequently, section 7111 of the MHPA clearly authorized the trial court to disclose the information regarding appellant's commitment . . . ." *Commonwealth v. Emmil,* 866 A.2d 420, 422-23 (Pa. Super. 2005).

Accordingly, the State Trooper was authorized to receive the defendant's mental health records without a search warrant. The only difference between the *Emmil*

case and this case is that in *Emmil* the trial court ordered the records disclosed to the State Trooper and in this case Trooper Weller received the information from John Klenotic, the Lawrence County Mental Health/Mental Retardation Administrator and Custodian of Records. It is expressly stated in 50 P.S. 7111(b) that county mental health and mental retardation administrators are permitted to disclose information to Pennsylvania State Police. Therefore, there is no reason the State Trooper in this case could not acquire the record without a search warrant since there is no mention of a required search warrant in the statute, and no issue of constitutionality of the search is raised.

Although the defendant has cited to the court the Federal Health Insurance Portability and Accountability Act of 1996, Public Law 104-191, the court does not find any provision thereof that would prevent the application of the Mental Health Procedures Act. The federal statute deals with standards for exchange of health care information in order to improve operation of the health care system and to accommodate the needs of health care providers and insurers of health care. The statute makes no reference to the legality of divulging mental health records to the Pennsylvania State Police to enforce provisions of the crimes code relating to the unlawful possession or use of firearms, and defendant cites no provision of the federal statute that would make such disclosure unlawful.

In accordance with the court's ruling in *Emmil* and 50 P.S. 7111(b), the defendant's motion to suppress is denied.

## ORDER

And now, August 11, 2005, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered, adjudged and decreed that defendant's motion to suppress is denied.