J-S38014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NORMAN ROBINSON | |
| Appellant | No. 2064 MDA 2014 |

Appeal from the Judgment of Sentence entered November 6, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0002111-2014

BEFORE: WECHT, STABILE, and MUSMANNO, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STABILE, J.:**FILED OCTOBER 16, 2015**

I agree with the distinguished Majority that the evidence was sufficient to support Appellant's convictions. I disagree, however, that the trial court abused its discretion in fashioning the jury instruction, necessitating a new trial. Accordingly, I would affirm the judgment of sentence.

At issue here is the proper interpretation of Section 6111(g)(4),[1] and in particular, whether that statute applies only to completed purchases of firearms—as contended by Appellant, or also to attempted purchases—as argued by the Commonwealth. The Majority finds both interpretations are reasonable, and therefore that the statute is ambiguous. Because this ambiguity should have been resolved in Appellant's favor, the Majority

---

[1] 18 Pa.C.S.A. § 6111(g)(4).

concludes that the trial court erred in interpreting the statute broadly, consistent with the Commonwealth's suggestion. Majority Memorandum, at 11-12.

In my opinion, Section 6111(g) is not ambiguous, as it clearly includes in its scope attempted purchases of firearms. Section 6111(g), in relevant part, provides:

> **Any person**, purchaser or transferee commits a felony of the third degree if, **in connection with** the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally:
>
> (i) makes any materially false oral statement;
>
> (ii) makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies; or
>
> (iii) willfully furnishes or exhibits any false identification intended or likely to deceive the seller, licensed dealer or licensed manufacturer.

18 Pa.C.S.A. § 6111(g)(4). (emphasis added). I find this statute's use of the terms "any person" and "in connection with" to be unambiguous so as to include persons like Appellant, who was charged with and convicted of making a materially false statement in connection with his attempted purchase of a firearm. With respect to the use of the term "any person," I agree with the trial court's statutory analysis that this term includes persons, in addition to purchasers and/or transferees:

> As we stated at the Appellant's trial, the inclusion of "any person" [in Section 6111(g)(4)] clearly means the statute

intends to differentiate between actual purchasers and any other person, who in our mind is any other person who is not an actual purchaser or transferee. If the legislature's intent was only to include purchasers and transferees then it would not have included the phrase "any person."

Trial Court Opinion, 1/12/15, at 9. (Reference to Notes of Testimony omitted.) This interpretation of the term "any person" within § 6111(g)(4) is consistent with our rules of statutory construction that require we give full meaning and effect to all words of a statute. 1 Pa. C.S.A. §1921(a).

I similarly find interpretation of the term "in connection with" to be unambiguous. The common and approved usage of this term we are obligated to employ, *see* 1 Pa.C.S.A. §1903(a), does not suggest it is a limiting term such that a violation only is deemed to occur when a purchase, delivery, or transfer is actually completed. The term "in connection with" connotes activity that is in conjunction with or in reference to a purchase, delivery, or transfer of a firearm. ***See*** *Webster's New College Dictionary* (2009)*.* Providing materially false information in connection with the attempt to purchase a firearm is precisely activity conducted in conjunction with or in reference to the purchase of a firearm. Any other interpretation, as the Majority admits, would lead to the absurd result the General Assembly meant to criminalize a false written statement on an application when a purchase is completed, but not when a background check catches the falsehood before the purchase is concluded. Majority Memorandum, at 10-11. ***See also*** 1 Pa.C.S.A. §1922(1) (in ascertaining legislative intent it is

presumed the general Assembly did not intend an absurd result). Certainly, linguistic machinations can be employed to create ambiguity in almost any statutory provision, but our rules of construction guide us to reasonable constructions. Because I believe the construction urged by Appellant is not reasonable, I cannot agree with the Majority's opening premise that the interpretations by both parties are reasonable so as to open the door to find ambiguity in this statute in order to permit application of the rule of lenity. Majority Memorandum, at 11. After applying well-settled principles of statutory construction to § 6111(g)(4), I cannot conclude the statute results in ambiguity as maintained by the Majority, and therefore, would find no error in the challenged jury charge by the trial court. Other of our cases also supports the conclusion no error was committed by the trial court.

In **Commonwealth v. Baxter**, 956 A.2d 465 (Pa. Super 2008) (*en banc*), *appeal denied*, 968 A.2d 1280 (Pa. 2009), defendant was granted a new trial on the grounds that prosecution under Section 6111(g)(4) violated his due process rights and the separation of powers doctrine because the defendant provided untruthful answers in response to a federal form, not a state form. This Court explained:

> [T]he trial court found that because § 6111(b) specifically lists only identifying information as being required from a **prospective** purchaser, [defendant] was not put on fair notice by § 6111(g)(4) that false statements to any additional questions (such as those on the federal form) could subject him to prosecution in this Commonwealth. Consequently, the trial court concluded that § 6111(g)(4), as applied in this case to support a state prosecution, violated due process. Further, the

- 4 -

trial court found it was violative of the separation of powers doctrine because the Commonwealth, in effect, endorsed the federal form's additional questions by charging [defendant] for providing allegedly false information thereon. In doing so, the trial court concluded the Commonwealth operated outside the statutory framework formulated by the legislature for conducting background checks.

*Baxter*, 469-70 (footnote omitted) (emphasis added).

Upon review, we disagreed with the trial court and concluded:

[P]rosecution under Section 6111(g)(4) is not dependent solely upon the **prospective** purchaser of a firearm providing false information as to his or her identifying information as listed in Section 6111(b)(1). Rather, the plain language of Section 6111(g)(4), when taken in proper context of the statute as a whole, clearly places **prospective** purchasers on notice that they will be subject to prosecution for a third degree felony if they make any oral or written materially false statement **in connection with that attempted purchase of a firearm**.

*Id.* at 474 (emphasis added).

Similarly, in **Commonwealth v. Emmil**, 866 A.2d 420 (Pa. Super. 2004), defendant was convicted of making false statements to authorities **in connection with an attempted firearm purchase**. *Id.* at 421. Specifically, the conduct giving rise to the prosecution and conviction of defendant in *Emmil* was summarized as follows:

On August 1, 2003, [defendant] **attempted to purchase a firearm** at Rightnour MFG Co. in Centre County. To effect transfer of the firearm, [defendant] was required by Commonwealth law to complete a Firearm Transaction Record and undergo a background check. On the Firearm Transaction Record there is a question asking if the applicant has ever been adjudicated mentally defective or committed to a mental institution. [Defendant] responded in the negative, then signed the form

> acknowledging that all statements on the form were true and correct and that he could be punished by law if he had falsified any information on the form.
>
> The form was then transferred to the PA State Police to run the background check on [defendant]. Through the PA Instant Check System it was discovered that [defendant] had been involuntarily committed under Section 7302 of the [Mental Health Procedures Act, 50 P.S. §§ 7101 *et seq.*] and involuntarily committed for psychiatric treatment under Section 7303 by the Centre County Mental Health/Mental Retardation Office.

Trial Court Opinion, 2/17/04, at 1-2.

> [Defendant] was subsequently charged with violating two provisions of the Crimes Code: Section 4904 (relating to unsworn falsification to authorities) and Section 6111(g)(4) (relating to making false statements in connection with the purchase of a firearm), 18 Pa.C.S.A. §§ 4904 and 6111, respectively. He filed a motion to suppress evidence which the trial court denied after a hearing. Upon his convictions Appellant was sentenced to a 6-month term of probation.

***Emmil***, 866 A.2d at 421 (emphasis added). On appeal, we affirmed the convictions.

As ***Baxter*** and ***Emmil*** demonstrate, this Court has consistently interpreted Section 6111(g)(4) to cover prospective (attempted) purchases of firearms. As such, the trial court did not err in clarifying for the jury that the crime at issue here included not only completed transactions but also prospective (attempted) purchases.

Based on the express and unambiguous language of the statute, I believe the Majority erroneously concludes that Section 6111(g)(4) is ambiguous. I also believe the trial court's instruction, which did instruct that

the jury must find Appellant acted knowingly and intentionally, accurately and adequately reflected the law and did not constitute an abuse of discretion or error of law.[2]

In light of the foregoing, I would affirm the judgment of sentence.

_____

[2] As the Majority recognizes, "A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration." Majority Memorandum, at 7 (quoting **Commonwealth v. Jones**, 954 A.2d 1194, 1198 (Pa. Super. 2008)). Further:

> Our standard of review for the trial court's instructions to a jury is well established. When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. Reversible error occurs only where there is an abuse of discretion or an inaccurate statement of the law.

**Commonwealth v. Hanford**, 937 A.2d 1094, 1097 (internal citations, quotations and brackets omitted).